May Term,
1851.

THE NORTH-
ERN INDIANA
RAILROAD
COMPANY
v.
THE MICHIGAN
CENTRAL
RAILROAD
COMPANY.

THE NORTHERN INDIANA RAILROAD COMPANY and Others *v.*
THE MICHIGAN CENTRAL RAILROAD COMPANY and Others.

Any judge of the Supreme Court, either in term or in vacation, has authori-
ty to issue writs of *supersedeas.*

The fifteenth rule of the Supreme Court does not apply where an applica-
tion for a *supersedeas* is made to a single judge after the Court has dis-
continued its regular sittings from day to day.

The Supreme Court will not hear a motion to discharge or set aside a *su-
persedeas* while sitting at chambers, unless by the consent of both par-
ties to the cause in which it was granted.

Saturday,
October 25.

ON motion.

The *Northern Indiana Railroad Company* obtained an
injunction against the *Michigan Central Railroad Company,*
from judge *Chamberlain,* a circuit judge, in vacation.
From the granting of said injunction by said circuit judge
an appeal was prayed and allowed on behalf of the *Mich-
igan Central Railroad Company,* to the Supreme Court; and
on said appeal an order was obtained under section 72,
p. 63, R. S. 1843, from judge *Smith,* one of the judges of
the Supreme Court, after the Supreme Court had ad-
journed to, and, while it was sitting at chambers, to ex-
tend the effect of said appeal. This order of judge *Smith*
the *Northern Indiana Railroad Company* then moved the
Court so sitting at chambers to discharge.

BLACKFORD, J.—There are three objections made to the
order mentioned in this motion.

The first is, that, as it is term time, a single judge of
this Court could not make such order.

The statute of 1845 is as follows: " Be it enacted,
&c., that the Supreme Court, or any judge thereof, either
in terms or in vacation, shall have authority to issue writs
of *supersedeas.*" Acts of 1845, p. 37.

The order in question is, in substance, an order for a
*supersedeas,* and is consequently embraced by that sta-
tute.

The second objection is, that the application for the
order was not made in conformity to one of the rules of
the Court.

The rule referred to is as follows: " Applications for writs of *supersedeas*, in term time, must be made by delivering the transcripts and briefs to the clerk at his office. And the clerk must deliver such transcripts and briefs to the judges at their chambers on the evening of the day on which he receives them." .

That rule does not apply where, as in this case, the application is made to a single judge after the Court has discontinued its regular sittings from day to day. The object of the rule was merely to avoid the interruption of business which had been occasioned by the making of such applications in open Court.

The third objection is, that the appeal being taken from the order of a circuit judge in vacation, is void.

From what has been said by the movers of this objection as friends of the Court, the question involved in it is an important one, and requires a full discussion by the counsel on both sides.

We cannot, consistently with the practice of the Court, take up such a question, at this time, against the consent of the opposite party. The Court adjourned on the third day of *June* last, from the court-room at the state-house to the governor's circle, after sitting from day to day for about eight days. The members of the bar who had not previously gone, then separated, with the understanding that no further business would be transacted by the Court which required both parties to be heard. No such business, so far as we recollect, has ever been transacted by the Court after such an adjournment unless by consent of parties.

The next term of the Court will be the proper time to hear this objection, which depends upon the validity of the appeal.

*R. Crawford, A. L. Osborne, J. G. Marshall, J. F. Joy,* and *C. Dewey,* for the plaintiffs.

*J. L. Jernegan, J. B. Niles, O. H. Smith,* and *S. Yandes,* for the defendants.